## HUDGINS v. THE STATE.

LUMPKIN, J.   1. There was no error in overruling a demurrer to a special presentment charging the crime of murder, on the ground that the name of the decedent was stated as "E. Barksdale," without giving his Christian name in full.

2. The general demurrer to the special presentment was without merit.

3. Where the grand jury returned a special presentment charging the crime of murder, there was no error in overruling a plea in abatement based on the ground that such presentment was "the outcome" of a prosecution instituted by a named person who swore out a warrant against the defendant, that the latter waived a committing trial, and that the special presentment did not have the name of such person endorsed upon it as prosecutor.

4. The charge of the court on the subject of involuntary manslaughter, and the direction to the jury that if they had a reasonable doubt that the defendant was guilty of murder they should acquit him, notwithstanding they might consider that, under some view of the evidence and the law, he might be guilty of some lesser grade of homicide, was inaccurate. But, in the light of the evidence and statement of the accused and the entire charge of the court, such inaccuracy is not sufficient to require the grant of a new trial.

5. Many of the other grounds of the motion for a new trial are plainly without merit, and none of them are such as to require a reversal.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*
AUGUST 18, 1911

Indictment for murder. Before Judge Frank Park. Baker superior court. June 5, 1911.

*R. J. Bacon, Benton Odom, Ben T. Burson,* and *W. I. Geer,* for plaintiff in error. *T. S. Felder, attorney-general, W. E. Wooten, solicitor-general,* and *F. A. Hooper,* contra.